UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 0:19-cv-60946-WPD

PATRICIA KENNEDY,

      Plaintiff,

vs.

HEIDI MOTEL, INC.,

      Defendant.

_____/

**<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT, ALTERNATIVE</u>**
**<u>MOTION TO STAY, AND INCORPORATED MEMORANDUM OF LAW</u>**
**(Dispositive Motion)**

COMES NOW Defendant, HEIDI MOTEL, INC., by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), (6), (7) and 28 U.S.C. § 1406, hereby requests that this matter be dismissed, and as grounds therefore, states as follows:

1.      On April 10, 2019, Plaintiff filed her Complaint against Defendant seeking injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 <u>et seq.</u> ("ADA"). [D.E. 1].

2.      Plaintiff is a resident of Broward County, Florida, and qualifies as an individual with disabilities as defined by the ADA. [D.E. 1, ¶ 1].

3.      Plaintiff self-identifies as a "tester" for the purpose of asserting her rights under the ADA. [D.E.1, ¶ 3].

4.      Defendant, Heidi Motel, Inc., owns and operates a hotel that is known as the Heidi Motel and is located at 8820 N. Main Street in Helen, White County, Georgia. (hereinafter referred to as the "Hotel"). [D.E. 1, ¶ 34].

5.      Defendant's Hotel is a single, stand-alone business, as opposed to being associated with a hotel chain.

6.      Plaintiff alleges that venue is proper in the Southern District of Florida because her injury occurred in that district. [D.E. 1, ¶ 5].

7.      Plaintiff alleges that Defendant "implemented, operates, controls and or maintains several websites for the" Hotel that contain an online reservations system, which is subject to the requirements of 28 C.F.R. Section 36.302(e). Plaintiff identifies Defendant's website address along with booking.com, expedia.com, hotels.com, orbits.com, and priceline.com web addresses, and then alleges that "[t]his term also includes all websites owned and operated by Defendant or by third parties to book or reserve guest accommodations at the hotel." [D.E. 1, ¶ 10].

8.      Plaintiff alleges that she visited "the websites" on five occasions "for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e). [D.E. 1, ¶ 11-12].

9.      Plaintiff alleges that Defendant's website fails to meet the requirements of 28 C.F.R. Section 36.302(e) because the website does not contain certain information concerning the Hotel's accessible features. (See D.E. 1, ¶ 11].

10.     Plaintiff alleges that, in the near future, she intends to revisit Defendant's websites to "test it for compliance" and/or to utilize the website to reserve a guest room. [D.E. 1, ¶ 12].

## MEMORANDUM OF LAW

The ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of goods and services in any place of public accommodation. An "inn, hotel, motel, or other place of lodging" is considered a place of public accommodation. 42 U.S.C. § 12181(7)(A). "To state a claim for relief under the ADA an individual must allege and establish that: (1) [she] is disabled

2

within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates

a place of public accommodation; and (3) the plaintiff was denied public accommodations by the

defendant because of [her] disability." Gomez v. Bang & Olufsen Am., Inc., No. 1:16-CV-23801,

2017 U.S. Dist. LEXIS 15457, 2017 WL 1957182, at *2 (S.D. Fla. Feb. 2, 2017).

I.   **THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION OVER DEFENDANT**

The Court lacks personal jurisdiction over this defendant, a non-resident business

corporation that does not have minimum contacts with this forum. Plaintiff alleges this Court has

subject matter jurisdiction pursuant to the ADA, 28 U.S.C. § 1331 (federal question), and 28

U.S.C. § 1343 (civil rights). [D.E. 1, ¶ 6]. Plaintiff also asserts that venue is properly located in

this Court's district as it is "in the judicial district of the situs of the injury." [D.E. 1, ¶ 5]. Plaintiff

fails, however, to make any allegations regarding personal jurisdiction as to Defendant.

When determining whether personal jurisdiction exists, a District Court utilizes a two-part

analysis: 1) whether specific jurisdiction is available under the state long-arm statute and 2)

whether general jurisdiction is available through sufficient "minimum contacts" between

defendant and the jurisdiction exist to satisfy the Due Process Clause of the Fourteenth

Amendment. Carmouche v. Tamborlee Mgmt., Inc., 789 F.3d 1201, 1203-04 (11th Cir. 2015).

"Only if both prongs of the analysis are satisfied may a federal or state court exercise personal

jurisdiction over a nonresident defendant." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990).

**A.  No Specific Jurisdiction Under Florida's Long-Arm Statute.**

The Florida long-arm states, in relevant part, that:

(1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:

3

. . .

2. Committing a tortious act within this state

Fla. Stat. § 48.193(1)(a). Under the "committing a tortious act" prong, a court may assert jurisdiction over a "nonresident defendant who commits a tort outside of the state that causes injury inside the state," meaning "[t]he defendant's physical presence is not required if the tort causes an injury in Florida." Brennan v. Roman Catholic Diocese of Syracuse New York, Inc., 322 F. App'x 852, 854 (11th Cir. 2009) (internal citations omitted). Reading the Complaint in the light most favorable to the non-moving party, it is anticipated that Plaintiff has asserted jurisdiction under the "committing a tortious act" prong of § 48.191(1)(a) by asserting that venue lies in the judicial district of the situs of the injury. (Compl. ¶ 5.) Even though Plaintiff claims the alleged injury occurred within the boundaries of the Southern District of Florida, Plaintiff must still establish that Defendant had minimum contacts with the State of Florida to satisfy the Fourteenth Amendment's due process requirements. See Madara, 916 F.2d at 1514.

**B.  No General Jurisdiction By Minimum Contacts.**

General jurisdiction requires a "showing of ʻcontinuous and systematic general business contacts'" with Florida. See Carib-USA Ship Lines Bahamas Ltd. v. Dorsett, 935 So. 2d 1272, 1275 (Fla. 4th DCA 2006) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984)). In fact, a defendant's contacts with Florida "must be so extensive to be tantamount to [the] defendant being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in the forum state's courts in any litigation arising out of any transaction or occurrence taking place anywhere in the world." Exhibit Icons, LLC v. XP Companies, LLC, 609 F. Supp. 2d 1282, 1295 (S.D. Fla. 2009). "The continuous and systematic general business contacts sufficient to confer general jurisdiction present *a much higher*

4

*threshold* than those contacts necessary to support specific jurisdiction under section 48.193(1)." Trustees of Columbia Univ. v. Ocean World, S.A., 12 So. 3d 788, 792 (Fla. 4th DCA 2009) (emphasis added) (citation and internal quotation marks omitted).

To establish minimum contacts with a forum state, the defendant's suit-related conduct must "create a substantial connection with the forum State." Walden v. Fiore, 571 U.S. 277, 284, 134 S. Ct. 1115, 1121 (2014). The relationship between the defendant and the forum state must proximally result from contacts that the "defendant himself" creates with the forum state. Id. (citing Burger King Corp. v. Rudzewicz, 471 U. S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). Additionally, the focus of "minimum contacts" is on the forum state, not the people who reside in the state. Id. at 285. As such, "the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990) (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 1239-40, 2 L. Ed. 2d 1283 (1958)).

Here, there is no evidence that Defendant directed its business activities toward Florida. Defendant is not a Florida company and is not authorized to conduct business in Florida. See Declaration of Chad A. Jackson attached as Exhibit 1 at ¶ 10. Defendant does not sell products or advertise in Florida. See Exh. 1 at ¶¶ 9, 11. In fact, Defendant takes no steps to specifically target Florida residents with its website. Id. Defendant's "affiliations with" Florida are not "so continuous and systematic as to render it essentially at home" there. Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014); Carmouche v. Tamborlee Mgmt., Inc., 789 F.3d 1201, 1205 (11th Cir. 2015).

It seems that Plaintiff could only rely on the existence of Defendant's website to establish business contacts. However, "the mere posting of content to a website does not create general jurisdiction in Florida." Organic Mattresses, Inc. v. Enviornmental Res. Outlet, Inc., No. 17-

21905-Civ-WILLIAMS/TORRES, 2017 U.S. Dist. LEXIS 166628, at *35 (S.D. Fla. Oct. 6, 2017)

(citing Trustees of Columbia Univ. In City of New York v. Ocean World, S.A., 12 So. 3d 788, 795

(Fla. 4th DCA 2009) ("The mere existence of a website does not show that a defendant is directing

its business activities towards every forum where the website is visible.") (citing McBee v. Delica

Co., 417 F.3d 107, 124 (1st Cir. 2005)). To hold otherwise would "render any individual or entity

that created . . . a website subject to personal jurisdiction' for virtually any matter." Id. (quoting

Caiazzo v. Am. Royal Arts Corp., 73 So. 3d 245, 260 (Fla. 4th DCA 2011)). Here, the only contact

Plaintiff has alleged is her own contact with Defendant's website, which cannot be a basis for

establishing minimum contacts with a forum state. See Id.

Plaintiff has not and cannot establish minimum contacts as a basis for personal jurisdiction.

Defendant does not conduct business in Florida and makes no efforts to conduct business or

advertise in Florida. See Exh. 1. The Court's exercise of jurisdiction over Defendant would not

comport with the Fourteenth Amendment due process requirements. See Madara, 916 F.2d at 1514.

Defendant had no "substantial connection" with Florida either through the conduct out of which

Plaintiff's Complaint arose or more generally. Id. Further, Plaintiff's unilateral decision to access

Defendant's website is insufficient to create jurisdiction. See id. at 1516.

## II.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(3) FOR IMPROPER VENUE

If a defendant challenges venue as improper under Rule 12(b)(3), the plaintiff bears the

burden of showing that the selected venue is proper. See Hemispherx Biopharma, Inc. v. Mid-

South Capital, Inc., 669 F. Supp. 2d 1353, 1356 (S.D. Fla. 2009). A court must accept all

allegations of the complaint as true, unless contradicted by affidavits submitted by the defendant.

Id. (citing Wai v. Rainbow Holdings, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004)). When an

allegation is challenged, the court may then examine facts outside of the complaint to determine

whether venue is proper. <u>Wai</u>, 315 F. Supp. 2d at 1268. In examining the record, the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. <u>Id.</u> If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Venue "serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred." <u>Vivant Pharm., LLC v. Clinical Formula, LLC</u>, No. 10-21537-Civ-COOKE/BANDSTRA, 2011 U.S. Dist. LEXIS 37343 (S.D. Fla. Mar. 31, 2011) (citing <u>VE Holding Corp. v. Johnson Gas Appliance Co.</u>, 917 F.2d 1574, 1576 (Fed. Cir. 1990)). According to 28 U.S.C. 1391, venue is appropriate (1) in a judicial district in which any defendant resides, (2) in "a judicial district in which a substantial part of the events or omission giving rise to the claim occurred," or where a substantial part of property that is the subject of the dispute is located, or (3) if neither of the first two categories apply, in any judicial district in which any defendant is subject to the court's personal jurisdiction as it pertains to this suit. 28 U.S.C. § 1391(b).

A. **Defendant Does Not Reside in the Southern District of Florida.**

Residency of a corporation, for the purpose of venue, "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the courts' personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c). In Florida, a defendant corporation "is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State[.]" 28 U.S.C. § 1391(d). In this case, Defendant maintains its principal place of business in Helen, White County,

Georgia. <u>See</u> Exh. 1 at ¶ 7. Accordingly, for venue purposes, Defendant "resides" in Helen, Georgia, which is not within the confines of the Southern District of Florida.

Plaintiff fails to allege any facts demonstrating Defendant has sufficient contacts with the Southern District of Florida pursuant to 28 U.S.C. § 1391(d) necessary for Defendant to be subjected to litigation in the Southern District of Florida. Conversely, Plaintiff asserts that venue is appropriate in the Southern District of Florida because it is the district in which the injury occurred. [D.E. 1, ¶ 5]. Presumably, Plaintiff asserts the alleged injury occurred when she accessed Defendant's website. Defendant argues herein, however, that any injury that may have occurred did not occur in the Southern District of Florida.

**B. <u>A Substantial Part of the Events or Omissions Giving Rise to the Claim Did Not Occur in the Southern District of Florida.</u>**

When determining whether venue is appropriate based on the situs of the injury, the Eleventh Circuit has held that "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." <u>Jenkins Brick Co. v. Bremer</u>, 321 F.3d 1366, 1371 (11th Cir. 2003). In <u>Jenkins</u>, the Eleventh Circuit recognized that venue statutes protect defendants and the focus of the inquiry for determining venue is on the defendant's activities, not the activities of the plaintiff. <u>Id.</u>

Like in the case at hand, the facts in <u>Poschmann v. Ponte Vedra Corp.</u>, involved a plaintiff who alleged the defendant hotels' website violated the ADA because it did not comply with 28 C.F.R. Section 36.302(e). <u>See</u> No. 18-14321-CV, 2018 U.S. Dist. LEXIS 217469, at *1-3 (S.D. Fla. Dec. 27, 2018). The plaintiff resided in the Southern District of Florida and the defendant hotels were located in the Middle District of Florida. <u>Id.</u> at *1-2. Judge Middlebrooks utilized the framework discussed in <u>Jenkins</u> to determine whether the plaintiff having accessed the defendant

8

hotels' websites was a substantial part of the events giving rise to the lawsuit. Id. at *5-6. The Court focused on the defendant hotels' activities giving rise to the claim, which were as follows:

> (1) Defendants own the Hotels, which are located in the Middle District of Florida; (2) Defendants created websites to allow potential guests to book reservations at the Hotels; (3) the websites do not, among other things, describe the Hotels' accessible features, have the means necessary to allow disabled individuals to book reservations at the same hours and in the same manner as non-disabled individuals, or ensure that accessible guest rooms are held for use by disabled individuals until all other rooms of that type have been rented.

Id. at *6-7. The Court held that all of the defendant's activities occurred in the Middle District of Florida where the hotels were located, and the plaintiff had not made any allegations that the defendant conducted any activities in the Southern District of Florida, "other than operat[ing] a website that could be access" in that district. Id. at *7. Consequently, the Court held that the Southern District of Florida was not the proper venue in that case. Id. Judge Middlebrooks also went on to note his concerns regarding "the far-reaching implications of Plaintiff's argument" because if "Plaintiff's simple act of accessing Defendants' websites is sufficient to confer venue… [s]uch a rule would drastically widen the scope of the current venue statute." Id.

As in Poschmann v. Ponte Vedra Corp., this Court should find that venue in this matter does not lie in the Southern District of Florida. Even when accepting Plaintiff's allegations in the Complaint as true, Plaintiff fails to plead facts showing a "substantial part of the events or omissions giving rise to the claim" occurred in the Southern District of Florida. Instead, Plaintiff alleges only one conclusory statement that she incurred injury within this Court's judicial district, presumably only by accessing Defendant's website. However, the Supreme Court and the Eleventh Circuit have both recognized that the Internet is "a unique medium--known to its users as 'cyberspace'-located in no particular geographical location but available to anyone, anywhere in the world, with access to the Internet." Voyeur Dorm, L.C. v. City of Tampa, 265 F.3d 1232, 1237

n.3 (11th Cir. 2001) (quoting <u>Reno v. ACLU</u>, 521 U.S. 844, 851, 138 L. Ed. 2d 874, 117 S. Ct. 2329 (1997)). Hence, Plaintiff's activity in seeking to identify Defendant's accessibility features specifically relates to the Defendant's physical location. Additionally, while an individual may access Defendant's website outside of the jurisdictional district in which Defendant resides, Defendant operates and maintains its website in Helen, Georgia. Without more, the situs of the injury is not located in the judicial district where Defendant's website was accessed. See <u>Yellow Pages Photos, Inc. v. Ziplocal, LP</u>, No. 8:12-cv-755-T-26TBM, 2012 U.S. Dist. LEXIS 100235, 2012 WL 2952452, at *5 (M.D. Fla. July 19, 2012) ("The situs of the injury in copyright infringement [cases] for purposes of personal jurisdiction has generally been held to be the state where the copyright owner resides.").

Again, Defendant has no direct ties to Florida. <u>See</u> Exh. 1. Defendant conducts its business and maintains its website where it is located in Helen, Georgia. Defendant is not alleged to have participated in any activity in the Southern District of Florida. More importantly, Plaintiff does not adequately plead that venue is proper as Plaintiff has failed to allege where she was located when she accessed Defendant's website. Thus, venue cannot properly lie in the Southern District of Florida, and this Court has the discretion to dismiss this cause of action.

Pursuant to 28 U.S.C. § 1406(a), a district court has the discretion to dismiss "a case laying venue in the wrong division or district." 28 U.S.C. § 1406(a). Dismissal is proper when a sophisticated party files a case in what is obviously an improper venue See <u>Continental Ins. Co. v. M/V ORSULA</u>, 354 F3d. 603, 608 (7th Cir. 2003). Since Defendant nor its Hotel is located in the Southern District of Florida, and the Complaint is devoid of facts demonstrate that a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Florida,

and in accordance with the Court's prior ruling in Poschmann, this Court should Plaintiff's Complaint for improper venue.

### III.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1) FOR LACK OF SUBJECT-MATTER JURISDICTION

Motions to dismiss that raise the issue of standing are considered motions that attack subject matter jurisdiction pursuant to Rule 12(b)(1). See Doe v. Pryor, 344 F.3d 1282, 1284 (11th Cir. 2003). Motions to dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction can be asserted on either facial or factual grounds. Carmichael v. Kellogg, Brown & Root Servs., 572 F.3d 1271, 1279 (11th Cir. 2009); Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). Where a defendant levies a factual attack, the trial court is free to consider matters outside the pleadings—such as testimony and affidavits—in order to determine whether it has the power to hear the case. See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Here, Defendant makes a facial attack by challenging subject matter jurisdiction based on the allegations in the Complaint. To establish standing, Plaintiff must adequately allege and ultimately prove three elements: (1) that she has suffered an "injury-in-fact"; (2) that there is a causal connection between Plaintiff's asserted injury-in-fact and the challenged conduct of Defendant; and (3) that the injury likely will be redressed by a favorable decision. Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). The "injury-in-fact" element requires an additional showing when injunctive relief is sought. In addition to the alleged past injury, Plaintiff must also "show a sufficient likelihood that [s]he will be affected by the allegedly unlawful conduct in the future." Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1328-29 (11th Cir. 2013) (quoting Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1284 (11th Cir. 2001)). Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows "a real and

11

immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." Id. at 1329 (quoting Shotz, 256 F.3d at 1081).

Article III of the Constitution requires a plaintiff to have suffered an injury in fact; that is, "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). In an injunctive suit, a plaintiff must additionally show there is "a sufficient likelihood that he will be [injured] by [such conduct] in the future. Gaylor v. N. Springs Assocs., LLP, 648 Fed. Appx. 807, 811 (11th Cir. 2016).

Regarding the first prong, Plaintiff has not established a past injury for standing purposes as her allegations are merely that her intent to initially utilize Defendant's website was for informational purposes only and not to make a reservation or utilize the features or accommodations offered by the Hotel. The Eleventh Circuit has held that a website that is wholly unconnected to a physical location is generally not a place of public accommodation under the ADA. Rendon v. Valleycrest Prods., Inc., 294 F.3d 1279, 1283-84 (11th Cir. 2002). However, if a plaintiff alleges that a website's inaccessibility impedes the plaintiff's "access to a specific, physical, concrete space[,]" and establishes some nexus between the website and the physical place of public accommodation, the plaintiff's ADA claim can survive a motion to dismiss. Id. Here, Plaintiff alleges that Defendant's website lacked certain information; however, Plaintiff does not allege a nexus in that she was unable to make a reservation. Indeed, Plaintiff does not allege that she was prevented or deterred from making a reservation on Defendant's website.

While Defendant's website is alleged to contain an online reservations system, Plaintiff never intended to utilize that function of the website. Even assuming for purposes of this motion that Defendant's website does not meet the requirements of 28 C.F.R. Section 32.302(e), Plaintiff

lacks standing in her Complaint as Plaintiff's bare bones allegations only refer to her casual pursuit of seek information and not her pursuit for public accommodation. Plaintiff alleges that she accessed Defendant's website for the sole purpose of reviewing the Hotel's accessible features and determining whether the website meets the requirements of 28 C.F.R. Section 36.302(e). [D.E. 1, ¶ 11]. Plaintiff does not allege, however, that she accessed Defendant's website with any intent to make a reservation or even compare rates. Plaintiff clearly alleges that her intent was to access Defendant's website for informational purposes only. Along that same vein, it is difficult to take Plaintiff's allegations of future injury and alleged intent as genuine when Plaintiff wholly failed to allege that she ever intended to make a reservation or visit the Hotel prior to filing suit.

When put in another context, a plaintiff does not suffer an injury-in-fact by simply seeing or hearing that a restroom at a restaurant that is not ADA compliant. The plaintiff must have wanted or tried to utilize the restroom and was unable to do so because the restroom was not ADA compliant. Here, Plaintiff visited Defendant's website only with the intent to check for compliance. Plaintiff did not try to make a reservation, nor Plaintiff want to make a reservation at the Hotel. Plaintiff simply accessed Defendant's website for informational purposes. Without more, Plaintiff lacks standing as she has not alleged to have suffered a concrete, particularized, or actual injury.

## IV.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Rule 8(a)(2) requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." This rule establishes "liberal pleading standards." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). It requires only "that the claim for relief be stated with brevity, conciseness, and clarity, a standard articulated many times over by federal courts throughout the country." Wright & Miller, Federal Practice and Procedure:

Civil 3d § 1215. The complaint "does not need detailed factual allegations." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). It need only contain enough facts to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Id. (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (ellipsis in original). Under Rule 12(b)(6), a court may dismiss an action for "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "A formulaic recitation of the elements of the cause of action will not do," Id. at 1949 (quoting Twombly, 550 U.S. at 555), and the allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Iqbal, at 678. When considering whether a complaint should be dismissed, the Court accepts the facts alleged in the Complaint as true, and construes all reasonable inferences in the light most favorable to plaintiffs. See Bank v. Pitt, 928 F.2d 1108, 1109 (11th Cir. 1991).

A. **Plaintiff Fails to State a Cause of Action Regarding Architectural Barriers and Reference to Same is Immaterial to Plaintiff's Website Claim.**

Plaintiff dedicates a sizable portion of her factual allegations in the Complaint to addressing her need to specific architectural features. [D.E. 1, ¶ 1]. Plaintiff also makes reference to the Americans With Disabilities Act Architectural Guidelines ("ADAAGs") and the 2010 ADA Standards. [D.E. 1, ¶ 7]. Plaintiff's reference to the ADAAG and the 2010 ADA Standards, and Plaintiff's detailed description of architectural barriers she commonly encounters is likely

14

necessary and indeed warranted in cases wherein Plaintiff seeks to remedy regarding physical barriers. Though, such references and descriptions are not necessary and are not warranted here.

The core of Plaintiff's claims herein is based on the third-party websites and whether the websites adequately identify and describe the Hotel's features and accommodations. While Defendant owns the Hotel, which is a public accommodation, Plaintiff's claims are not centered upon on any physical barrier Plaintiff encountered. As such, Plaintiff's detailed description of necessary architectural features and the requirements of the ADAAG and the 2010 ADA Standards is improper. To the extent Plaintiff attempts to allege a cause of action against Defendant regarding an architectural barrier that may or may not comply with the ADAAG or 2010 ADA Guidelines, such claim should be dismissed.

In the alternative, this Court should strike Paragraphs 1 and 7 of the Complaint. Fed. R. Civ. P. 12(f) (allowing the court to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading). Plaintiff's detailed description of necessary architectural features and reference to the ADAAG or 2010 ADA Guidelines should be stricken as they are immaterial and impertinent to Plaintiff's claims concerning websites.

**B. <u>Plaintiff Fails to State a Cause of Action For Which Relief May be Granted Against Defendant Regarding Third-Party Websites.</u>**

In ADA accessibility cases, a plaintiff only has standing to seek redress for barriers actually encountered or of which she had knowledge of at the time of filing the complaint, so it is important that those barriers be factually specified in the complaint. <u>See Access Now, Inc. v. S. Florida Stadium Corp.</u>, 161 F. Supp. 2d 1357, 1365-1366 (S.D. Fla. 2001). Plaintiff's Complaint attempts to seek redress for third-party websites not owned or operated by Defendant. More specifically, Plaintiff alleges Defendant utilizes third-party online reservation systems, including booking.com, expedia.com, hotels.com, orbits.com, and priceline.com. [D.E. 1, ¶ 10]. Plaintiff makes no other

specific allegations about the third-party websites but refers to the third-party websites and Defendant's website throughout the remainder of the Complaint collectively as "Defendant's website" or "Defendant's websites."

Assuming Plaintiff can state a cause of action against Defendant for the content of a third-party's website, Plaintiff fails to make specific allegations as to whether she in fact visited the third-party websites and, if so, the date and time she personally tried to access the third-party websites. Plaintiff alleges she accessed "the websites" on five different occasions and "the website" lacked certain information. (See D.E. 1, ¶ 11.) However, Plaintiff fails to state which website was accessed on which date or which website was missing what particular information. Plaintiff lumps her claims together and fails to specify which acts or omissions Plaintiff allegedly discovered on each particular website. This type of pleading is reminiscent of an impermissible shotgun pleading deserving of dismissal. See Lampkin-Asam v. Volusia County School Bd., 261 Fed. Appx. 274, 277 (11th Cir. 2008); Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 984 (11th Cir. 2008).

Plaintiff also disregards the practical implications of her allegations against Defendant regarding the third-party websites. For example, even if this Court ordered Defendant to change the content of a third-party website, there are no federal standards for doing so and Defendant cannot wholly or indefinitely control the content of a third-party website. Thus, Plaintiff's claims regarding the third-party websites should fail as Plaintiff could receive no adequate remedy.

## V.     PLAINTIFF'S CLAIMS REGARDING THIRD-PARTY WEBSITES SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(7) OR, ALTERNATIVELY, REFERENCES TO THIRD-PARTY WEBSITES SHOULD BE STRICKEN

Rule 12(b)(7) provides that a complaint should be dismissed upon a plaintiff's "failure to join a party under Rule 19." Rule 19 "provides a two-step analysis in deciding whether to dismiss

an action for failure to join an absent party. First, the party moving to dismiss an action for failure to join an indispensable party must establish that the absent party is a "required" party as defined by Rule 19(a). <u>Molinos Valle Del Cibao, C. por A. v. Lama</u>, 633 F.3d 1330, 1334 (11th Cir. 2011). An absent party is required where (1) the court cannot accord complete relief among the existing parties; (2) prejudice would result to the absent party's ability to protect itself in the instant action; or (3) the nonparty's absence would create a substantial risk that the existing parties would incur inconsistent or duplicative obligations. <u>Raimbeault v. Accurate Mach. & Tool, LLC</u>, 302 F.R.D. 675, 682-83 (S.D. Fla. 2014); <u>see also</u> <u>City of Marietta v. CSX Transp., Inc.</u>, 196 F.3d 1300, 1305 (11th Cir. 1999). Second, if the court determines that the absent party is required, it "must order that party joined if its joinder is feasible." <u>Raimbeault</u>, 302 F.R.D. at 682; see also Fed. R. Civ. P. 19(a)(2).

Here, Plaintiff has failed to join the proper and necessary parties that are responsible for the creation, operation, and maintenance of the third-party websites. Defendant does not own or operate the third-party websites. Therefore, the content of the third-party websites cannot be modified or changed by Defendant. Thus, most respectfully, this Honorable Court could not presently grant Plaintiff any effective relief in this action regarding the third-party websites—other than, perhaps, ordering Defendant to stop utilizing the third-party websites. Yet, that too, would be problematic. Under Title III of the ADA, a public accommodation is required to make reasonable necessary modifications, unless it can demonstrate that doing so would fundamentally alter the nature of the service, program, or activity, or would result in an undue financial and administrative burden – then it is not required to make that modification. <u>See</u> 28 CFR 36.302(a). As applied here, requiring Defendant to stop advertising or utilizing the reservation features of

third-party websites such as expedia.com and booking.com could financially destroy Defendant's business. Such an extreme measure is an unreasonable modification.

Plaintiff has failed to join the third-party websites, of which Defendant cannot wholly or indefinitely control, as party-defendants. Therefore, Plaintiff's claims concerning third-party websites should be dismissed pursuant to Ruel 12(b)(7) and Plaintiff should be required to join the third-party websites as necessary and proper party-defendants to this action under Rule 19.

In the alternative, this Court should strike Plaintiff's reference to third-party websites in Paragraph 10 of the Complaint. Fed. R. Civ. P. 12(f) (allowing the court to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading). Plaintiff's reference to third-party websites should be stricken as third-party websites are immaterial and impertinent to Plaintiff's claims concerning Defendant's website.

### C. IN THE ALTERNATIVE, DEFENDANT REQUESTS A STAY PENDING THE ELEVENTH CIRCUIT'S DECISION IN *WINN-DIXIE STORES, INC. V. GIL*

Defendant alternatively requests this Court stay the proceedings herein pending the Eleventh Circuit decision in Winn-Dixie Stores, Inc. v. Gil, *appeal docketed*, No. 17-13467 (11th Cir. Aug. 1, 2017).

The U.S. Department of Justice ("DOJ"), the agency delegated by Congress to effectuate the ADA, must act in accordance with the rulemaking process set forth in the Administrative Procedures Act. To date, the DOJ has chosen not to expand a "place of public accommodation" to include websites.  See e.g., Access Now, Inc. v. Sw. Airlines, Co., 227 F. Supp. 2d 1312, 1318-19 (S.D. Fla. 2002). As such, there is no law or regulation setting forth what constitutes an accessible website. See Gil v. Winn-Dixie Stores, Inc., 257 F. Supp. 3d 1340, 1343 (S.D. Fla. 2017).

Despite its acknowledgement that "[t]here is no federal organization that mandates particulars of website accessibility," the trial court in Gil held that a place of public accommodation

18

must ensure that its website comply with Web Content Accessibility Guidelines ("WCAG").[1] Id. at 1346-47. The court further held that a place of public accommodation has a legal obligation to require third-party websites comply with the WCAG. Id. The court imposed the WCAG as the standard for website accessibility without the rulemaking authority to do so. Additionally, the court failed to provide a basis for the "legal obligation" regarding third-party websites. Even if the WCAG were somehow binding, the court disregarded the practical implications of its mandate and provided no direction on how to ensure compliance by third-party websites.

Covered entities should not be forced to bear such a high burden of ensuring third-party compliance in the absence of properly issued regulations. Although subsequently withdrawn, the DOJ issued an Advanced Notice of Proposed Rulemaking on Accessibility of Web Information and Services of State and Local Government Entities and Public Accommodations ("ANPRM"). 75 Fed. Reg. 43460 (July 26, 2010). Within the ANPRM, the DOJ did not advocate for such an expanse of the ADA. In fact, the DOJ specifically stated that it did not intend for its proposed regulations to require a public accommodation "to ensure the accessibility of websites that are links to its site, but that it does not operate or control." Id. at n. 7. Consequently, an entity should not be compelled to ensure a third-party's compliance with standards issued by a private non-governmental organization, where Congress has not passed legislation and the DOJ itself has not implemented formal rules.

Among other things on appeal, Winn-Dixie raises questions concerning whether its website is a "service" that acts as a gateway to a public accommodation. Additionally, Winn-Dixie challenges the lower court's ability to adopt the WCAG and whether a public accommodation has

---

[1] The WCAG are non-mandatory accessibility recommendations developed by the Web Accessibility Initiate ("WAI"), a subgroup of the World Wide Web Consortium. *About W3C*, w3.ORG, https://www.w3.org/Consortium/ (last visited March 29, 2019); Web Content Accessibility Guidelines 2.0, w3.ORG, https://www.w3.org/TR/WCAG20/ (last visited March 29, 2019).

a legal obligation to ensure a third-party's compliance with the WCAG. These are issues of first impression before the Eleventh Circuit Court of Appeals. The appeal has been fully briefed by both parties, the Court has accepted amicus briefs on behalf of thirty *amici curiae*, and Oral Arguments took place on October 4, 2018. A decision from the Eleventh Circuit is forthcoming, which will have a significant impact on the issues raised in this case. Therefore, this matter should be stayed until such time as we receive guidance from the Eleventh Circuit on these issues.

It is within this Court's sound discretion to stay this proceeding because the outcome of the appeal in <u>Gil</u>, will be significant on determining the outcome of this case. <u>See</u>, <u>e.g.</u>, <u>Gomez v. O'Charley's, LLC</u>, No. 18-cv-22287-WILLIAMS, 2018 U.S. Dist. LEXIS 160114 (S.D. Fla. Sep. 18, 2018) (staying similar case pending the outcome of <u>Winn-Dixie Stores, Inc. v. Gil</u>, No. 17-13467); <u>Fuller v. O'Charley's, LLC</u>, No. 0:18-cv-61645-UU, 2018 U.S. Dist. LEXIS 163162 (S.D. Fla. Sep. 20, 2018) (same); <u>Haynes v. Domino's Pizza, LLC</u>, No. 17-61002-CIV, 2018 U.S. Dist. LEXIS 49517 (S.D. Fla. Mar. 23, 2018) (same). As such, Defendant respectfully requests in the alternative that this Court stay the proceedings herein pending the Eleventh Circuit's decision in <u>Winn-Dixie Stores, Inc. v. Gil</u>, No. 17-13467.

<u>**CONCLUSION**</u>

Based upon the foregoing reasons, Defendant, HEIDI MOTEL, INC., respectfully requests this Court dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1), (2), (3), (6) and/or (7) and 28 U.S.C. § 1406. In the alternative, Defendant, HEIDI MOTEL, INC., respectfully requests this Court stay the proceedings herein pending the Eleventh Circuit Court of Appeals's decision in <u>Winn-Dixie Stores, Inc. v. Gil</u>.

## CERTIFICATE OF GOOD FAITH PURSUANT TO S.D. FLA. L.R. 7.1.A.3

Prior to filing this Motion, undersigned counsel conferred with opposing counsel in a good faith effort to resolve this dispute, both by telephone and email communication, but the parties were unable to reach a resolution.

/s/ Candace W. Padgett
Candace W. Padgett

Dated this 13th day of May, 2019.

Respectfully submitted,

/s/ Candace W. Padgett
CANDACE W. PADGETT
Florida Bar No. 88763
cpadgett@boydjen.com
Boyd & Jenerette, P.A.
201 N. Hogan St., Suite 400
Jacksonville, FL 32202
(904) 353-6241
(904) 493-5658 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of May, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Bridget Lynn Fields, Esquire
Thomas B. Bacon, P.A.
322 East Central Boulevard, #605
Orlando, Florida 32801
(407) 506-7163
Bridget.Fields11@gmail.com

By: /s/ Candace W. Padgett
CANDACE W. PADGETT

21