# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**PATRICIA KENNEDY**
         **Plaintiff,**

**v.**                                        **CASE NO.  19-cv-60946-WPD**

**HEIDI MOTEL, INC.,**
             **Defendant**

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**Attorneys For Plaintiff**

Thomas B. Bacon
Thomas B. Bacon, P.A.
644 N. McDonald Street
Mt. Dora, FL 32757
954-478-7811
tbb@thomasbaconlaw.com
FBN: 139262

## I.    This Court Has Personal Jurisdiction Over The Defendant

Defendant claims that it cannot be subject to *in personam* jurisdiction because its physical hotel is located outside of the State. Defendant bases its argument on factual inaccuracies, including assertions that it does not direct is business activities toward Florida and does not advertise in Florida. Defendant's Brief, p. 5.  Yet, later in the brief, it admits that it financially depends heavily on advertising through its websites. Brief, pp. 17-18.  Critically, as a hotel, Defendant derives its revenue by attracting visitors from afar. To effect this goal, Defendant reaches out to distant persons through its online reservations system. This includes residents of Florida. Through these websites, Defendant actively markets in Florida, solicits patrons in Florida, provides information to persons in Florida and consummates the transaction by accepting payment from them while in Florida. Moreover, Defendant's websites discriminate against disabled persons while in their own homes in Florida because it deprives them of required information to make a meaningful choice and prevents them from booking an accessible room. Thus, the website causes harm to Florida residents in Florida. In fact, Plaintiff was in her own home in Florida when she visited Defendant's websites and suffered discrimination. Kennedy Affid., Exhibit A, at para.5.

### A.    The Long Arm Statute

Florida' Long Arm Statute, set forth at Section 48.193(a)(1), (2) and (6),  provides for the assertion of jurisdiction over out of state actors for:

> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2. Committing a tortious act within this state.
> 6.  Causing injury to persons within this state arising out of an act or omission by the defendant outside the state if the defendant was engaged in solicitation or service

activities within this state.

By virtue of its online reservations system, Defendant operates, conducts, engages in and carries on business in this State, solicits in this State and caused harm in this State. The injury of discrimination is suffered here. For purposes of applying the appropriate statute of limitations provision, an ADA discrimination claim is treated as a claim for personal injury. *Everett v. Cobb County Sch. Dist.*, 138 F.3d 1407, 1409 (11th Cir 1998).

In *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008), the Eleventh Circuit held that an out of state defendant was subject to personal jurisdiction because it caused injury in the state by virtue of its website. In this regard, the Court stated:

> We have held that ...the Florida long-arm statute permits jurisdiction over the nonresident defendant who commits a tort outside of the state that causes injury inside the state.... Therefore, although the website was created in Tennessee, the Florida long-arm statute is satisfied if the alleged trademark infringement on the website caused injury in Florida.

In *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1353-54 (11TH Cir. 2013), the Eleventh Circuit summarized its prior holding in *Licciardello* as follows:

> Furthermore, [Licciardello] instructs that, under the "tortious acts" provision in § 48.193(1)(a)(2), a trademark infringement on an Internet website causes injury and occurs in Florida "by virtue of the website's accessibility in Florida." *Lovelady*, 544 F.3d at 1283. Although defendant Lovelady lived and created the website containing the infringing mark in Tennessee, the owner of the mark (plaintiff Licciardello) resided in Florida. *Id*. at 1282-83. We reasoned that "[w]e need not decide whether trademark injury necessarily occurs where the owner of the mark resides, as the Florida district courts have held, because in this case the alleged infringement clearly also occurred in Florida by virtue of the website's accessibility in Florida."

In *Louis Vuitton*, the out of state defendant was held to subject to personal jurisdiction because it had a commercial website that transacted business and was accessible to Florida residents and, through that website, it sold goods to those residents.   The Eleventh Circuit held

that advertising through the internet constitutes a purposeful availment of the privilege of conducting activities in state. 736 F.3d at 1357.  Under the "effects test," a nonresident defendant's single tortious act can establish purposeful availment, without regard to whether the defendant had any other contacts with the forum state. *Louis Vuitton,* 736 F3d at 1356.

**B.     Ample Cases Have Held Defendants Subject To *In Personam* Jurisdiction By Virtue Of Their Website Activity**

Once the State's Long Arm Statute is satisfied, a Court must additionally look to Constitutional considerations explained in *Licciardello*, 544 F.3d at 1283-84.

In determining whether or not an out of state defendant should be subject to *in personam* jurisdiction, some courts have applied a "sliding scale" test explained in  *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa 1997). On the one end of the scale, websites which are relatively passive, strictly informational, non-interactive and do not solicit business in state do not normally rise to the level that would warrant personal jurisdiction. On the other end of the scale, websites that are more interactive with residents in state can be sufficient to warrant jurisdiction. See also *Imageline, Inc.  v. Fotolia*, LLC, 663 F.Supp. 1367, 1376-77  (N.D. Ga. 2009)(quoting Zippo); *Schuster v. Carnival Corp*., 2011 U.S. Dist. LEXIS 126455, **25-26 (S.D. Fla. 2011); *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005).[1] *Tobinick v. Novella*, 2015 U.S. Dist. LEXIS 8085 (S.D. Fla. 2015)(asserting jurisdiction over out of state defendant for statements made on its website which caused injury in

---

[1]See *Zamora Radio, LLC v. Last.fm Ltd.*, 2011 U.S. Dist. LEXIS 69101  (S.D. Fla.2011)(explaining that *Zippo* has been criticized and some courts apply a more traditional analysis).

state).  In the instant matter, Defendant's online reservations system actively markets to Florida residents, solicits their business and transacts business with them in Florida by taking their payment. This is the sort of "purposeful availment" described in *Louis Vuitton*, 736 F.3d at 1357.

Numerous courts have held out of state defendants subject to *in personam* jurisdiction by virtue of their websites. In *Obermaier v. Kenneth Copeland Evangelistic Ass'n*, 208 F.Supp. 1288, 1291 (M.D. Fla. 2002), the defendant had used the internet to solicit contributions from Florida residents and donations were made from Florida by its residents.  In *AFC Franchising, LLC v. Practice Velocity, LLC*, 2016 U.S. Dist. Lexis 142439 *7 (N. D. Ala. 2016) a court asserted jurisdiction, stating: "in the age of the internet, it is important to note "the harm from an online defamatory statement can occur in any place where the website or forum is viewed."  In *Carroll v. Fedfinancial Fed. Credit Union*, 324 F. Supp. 3d 658, 664 (E.D. Va. 2018), jurisdiction was upheld in an ADA website case on the basis that the plaintiff encountered the discriminatory website in his own state.  *Access Now, Inc. v. Otter Prods., LLC*, 280 F. Supp. 3d 287, 294 (D. Mass. 2017) was  an ADA website discrimination case wherein the court held venue and jurisdiction proper over an out of state defendant because the plaintiff suffered the injury when he reviewed the website. The court stated: " Although the website may have been created and operated outside of the district, the attempts to access the website in Massachusetts are part of the sequence of events underlying the claim." Moreover, jurisdiction was proper because the injury of denial of access to the website occurred in the Commonwealth, thus arising from the defendant's transaction of business via its website." *Id.* at 292.

Likewise, in *Access Now, Inc. v. Sportswear, Inc.*, 298 F. Supp. 3d 296, 301 (D. Mass. 2018), citing *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct 1773, 1780 (2017), it was

held that specific jurisdiction[2] was proper in the forum where a vision impaired individual was located when he reviewed a website from an out of state defendant and suffered discrimination under the ADA. See also *AFC Franchising, LLC v. Practice Velocity, LLC*, 2016 U.S. Dist. Lexis 142439 *7 (N. D. Ala. 2016)("in the age of the internet, it is important to note "the harm from an online defamatory statement can occur in any place where the website or forum is viewed."). In *Xymogen v. Digitalev,* Case No. 2018 U.S. Dist. Lexis 16147, *4-8 (M.D. Fla. February 1, 2018), one Middle District Court held that specific jurisdiction was proper because the injury in Florida was based on the out of state defendant's website activities in the forum. See also *Internet Solutions Corp. v. Marshall*, 39 So. 3d 12 (Fla. 2010)(once the allegedly defamatory material was accessed in Florida, the website operator committed the tortious act within Florida); *Platinum Props. Investor Network v. Sells*, 2019 U.S. Dist. LEXIS 63476 (S.D. Fla. 2019)(injury that arose from out of state defendant's website contact with state sufficient to establish jurisdiction); *ADT LLC v. Alarm Prot. Tech. Fla., LLC*, 2013 U.S. Dist. LEXIS 190106 (S.D. Fla. 2013)(website that infringed trademark subjected out of state defendant to *in personam* jurisdiction because it caused harm and was accessible in Florida); *Factory Direct Wholesale, LLC v. Giantex, Inc.*, 2018 U.S. Dist. LEXIS 181819 (N.D. Ga. 2018)(sales through the internet to in state residents sufficient to satisfy jurisdiction).

## C.    The Injury Occurred In Florida

Defendant cites *Organic Mattresses, Inc. v. Environmental Res. Outlet, Inc.*, 2017 U.S. Dist. LEXIS 166628 (S.D. Fla. 2017), in support of the proposition that the mere existence of a

---

[2]"[A] fundamental element of the specific jurisdiction calculus is that plaintiff's claim must arise out of or relate to at least one of the defendant's contacts with the forum.'" *Louis Vuitton,* 736 F.3d at 1355 (11TH Cir. 2013), *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010).

website does not warrant the exercise of personal jurisdiction over an out of state defendant.
However, that case is distinguishable because the court found that: "Here, there is no showing
that specific jurisdiction exists because Plaintiffs never alleged in their complaint — nor
produced any persuasive evidence in response to this motion — that Defendants' alleged
trademark infringement caused an injury in Florida." *Id*. at 27. The court noted that "the most
important issue" is whether the website causes injury in Florida. *Id*. at 28-29. Critically, Plaintiff
in this case suffered discrimination from the Defendant's website when she reviewed it in her
own home in Florida. That is where the discrimination occurred. Moreover, that is where she was
prevented from any further interaction with the Defendant's hotel.  At least one Florida court
recognized that the injury in hotel website discrimination occurs in the comfort of the plaintiff's
own home  *See Kennedy v. Gold Sun Hospitality, LLC*, 8:18-cv-842-T-33CPT, at pp.  30-31,
(M.D. Fla. June 18, 2018)[3]. Indeed, the encounter with discrimination is the most fundamental
element giving rise to a cause of action under the Statute. Personal jurisdiction is warranted
where the Defendant's conduct caused an injury in the state. See, e.g. *Seminole Transp.
Specialists, Inc. v. PDM Bridge, LLC*, 2009 U.S. Dist. Lexis 111571 **6-7 (M.D. Fla. 2009);
*Fuqua Homes Inc. v. Beattie*, 388 F.3d 618, 622 (8th Cir. 2004)(in internet case, venue was
proper against out of state defendant because injury occurred where injured plaintiff resided).

The law in this Circuit is clear that *encountering* a discriminatory website is an injury
in-fact for standing purposes. See *Jones v. Piedmont Plus Fed. Credit Union*, No. 1:17-CV-5214-
RWS, 2018 WL 4694362, at *1 (N.D. Ga. Sept. 26, 2018) ("Plaintiff suffered a concrete injury

---

[3]Hearing transcript of Court's Ruling, attached hereto as Exhibit B. In *Gold Sun*, venue
was not at issue. However, the Defendant had challenged standing based on the distance between
the Plaintiff's residence in Broward County and the subject hotel.

when he attempted to access the website but was unable to fully and effectively utilize it."); *Jones v. Family First Credit Union,* No. 1:17-CV-4592-SCJ, 340 F. Supp. 3d 1356, 1362 (N.D. Ga. Aug. 6, 2018) (explaining that the inability to determine a public accommodation's accessibility information via its website constitutes an injury-in-fact because it is "direct exposure to differential treatment of a person with a disability.").

A website is a "service" of a place of public accommodation. *Haynes v. Dunkin Donuts, LLC*, 741 Fed. Appx. 752, 754 (11th Cir. 2018)(unpublished opinion)(describing a commercial website as a "service" of a place of public accommodation); *Nat'l Fed'n Of The Blind v. Target Corp.*, 452 F. Supp. 946, 953 (N.D. Cal. 2006)(same).   42 U.S.C. Section 12182(a) clearly spells out a complete cause of action as follows: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the ... services ... of any place of public accommodation..."  Defendant discriminates against disabled persons in Florida when they try to review its website and are deprived of full and equal access to this service..

The Supreme Court recently issued a decision regarding a business' presence in a given jurisdiction exclusively through the internet. *South Dakota v. Wayfair, Inc., et al.*, 138 S.Ct. 2080 (2018).  In *Wayfair*, the Supreme Court held that a business whose only presence in a state was by virtue of doing business by internet had a sufficient presence to justify imposition of tax liability. In reaching this conclusion, the Supreme Court made the following statements:

> "Although physical presence 'frequently will enhance' a business' connection with a State, "'it is an inescapable fact of modern commercial life that a substantial amount of business is transacted . . . [with no] need for physical presence within a State in which business is conducted.'"

138 S.Ct. at 2093.  The Supreme Court stated:

> The "dramatic technological and social changes" of our "increasingly interconnected economy" mean that buyers are "closer to most major retailers" than ever before— "regardless of how close or far the nearest storefront. [] Between targeted advertising and instant access to most consumers via any internet-enabled device, "a business may be present in a State in a meaningful way without" that presence "being physical in the traditional sense of the term." [] A virtual showroom can show far more inventory, in far more detail, and with greater opportunities for consumer and seller interaction than might be possible for local stores. Yet the continuous and pervasive virtual presence of retailers today is, under *Quill*, simply irrelevant. This Court should not maintain a rule that ignores these substantial virtual connections to the State.

*Id.* at 2095 (citations omitted).  In short, the Supreme Court held that doing business by internet within a given state is sufficient presence for purposes of assertion of taxes even in the absence of a physical store.  In sum, Defendant's act of soliciting and transacting business within the State via its websites constitute a "purposeful availment" within the meaning of *Louis Vuitton*, 736 F.3d at 1357. These websites caused injury within the State because they discriminated against Plaintiff in her own home, thus warranting a finding of specific jurisdiction. As stated by the Eleventh Circuit *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 894 (11th Cir. 1983):

> "Under Section 48.193(1)(f)(1)[4], Florida courts may exercise jurisdiction over a nonresident defendant who causes injury in Florida by an act outside the state, if at the time of the injury the defendant was engaged in solicitation or service activities within Florida which resulted in the injury."

## II.    Venue Is Proper In This District

Of the hundreds of Title III ADA cases filed in this District involving website discrimination, the undersigned is unaware of only one case in which a court dismissed on venue grounds. In *Poschmann v. Ponte Vedra Corp.*, 2018 U.S. Dist. Lexis 217469, (S.D. Fla. 2018), one Court dismissed a hotel website cased based on venue, despite the fact that the plaintiff had

---

[4]This language is now found at 48.193(1)(a)(6).

viewed the website and suffered injury in this District.  *Ponte Vedre* stands alone in many respects. Research has revealed it to be the ONLY case where a court rejected venue as being proper in the district where the website was viewed, discrimination suffered and injury occurred. As set forth below, it is contrary to all other authorities on point.

Plaintiff respectfully submits that the *Ponte Vedre* decision is plainly erroneous. In *Ponte Vedre*, the Court relied primarily on an Eleventh Circuit Court ruling in *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366 (11ᵗʰ Cir. 2003). However, the *Ponte Vedre* Court's reliance on this ruling is completely misplaced. *Jenkins* did not involve a website. Rather, it involved a plaintiff employer suing a former employee for violation of a non-compete agreement. The plaintiff had filed in Alabama, but the Court found that none of the acts had occurred there. Indeed, nowhere in the *Jenkins* opinion is there any reference to where the injury occurred - or any event occurring in the district where the plaintiff had filed the case. The Court found that the employment contract was presented to the employee in Georgia, executed in Georgia, governed work performed in Georgia, and breached in Georgia.  321 F.3d at 1372-73. In sum, every element of the case had occurred in Georgia and there was no reason for filing the case in Alabama. Therefore, *Jenkins* does not support the holding reached in *Poschmann*: namely, that venue is improper even though the plaintiff suffered injury in the challenged district. To the contrary, the *Jenkins* opinion is silent on this issue.

Indeed, another court cited *Jenkins* and reached the opposite conclusion. In *Seminole Transp. Specialists, Inc. v. PDM Bridge, LLC*, 2009 U.S. Dist. Lexis 111571 **6-7 (M.D. Fla. 2009), a Middle District court upheld venue based on the fact that the plaintiff resided in the district and suffered injury there as a result of the defendant's out of district conduct.

The *Ponte Vedre* decision is contrary to the overwhelming weight of authorities which upheld venue based on the locus of the injury. To begin, it is directly at odds with the Supreme Court. The Supreme Court has noted that, in website cases, venue is proper "where the material originates *or where it is viewed*". *Ashcroft v. ACLU*, 535 U.S. 564, 602 (2002)(J. Kennedy, J. Souter, J. Ginsburg concurring). Moreover, as stated above, supra, the Supreme Court in *Wayfair*,, 138 S.Ct. 2080, held that a business whose only presence in a state was by virtue of doing business by internet had a sufficient presence to justify imposition of tax liability.

Courts in other jurisdictions have rejected venue challenges in similar circumstances: namely website discrimination suits under the ADA. In *Carroll v. Fedfinancial Fed. Credit Union*, 324 F. Supp. 3d 658, 664 (E.D. Va. 2018), venue was upheld in an ADA website case because that was where the plaintiff encountered the discriminatory website. The court stated:

> [V]enue is proper under 28 U.S.C. § 1391(b)(2) as a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." As explained above, Defendant maintains its website with the intent of targeting at least some Virginia readers, and Virginia is the location from which Plaintiff was prevented from acquiring information about Defendant's services and branch location. Thus the events or omissions giving rise to the claim occurred in Virginia, and venue is proper in this Court.

A similar ruling was issued in *Access Now, Inc. v. Otter Prods., LLC*, 280 F. Supp. 3d 287, 294 (D. Mass. 2017). *Access Now* was an ADA website discrimination case wherein the court held venue proper because the plaintiff suffered the injury when he reviewed the website. The court stated: " Although the website may have been created and operated outside of the district, the attempts to access the website in Massachusetts are part of the sequence of events underlying the claim. Therefore, venue is proper in this District." Likewise, in *Access Now, Inc. v. Sportswear, Inc.*, 298 F. Supp. 3d 296, 301 (D. Mass. 2018), it was held that venue was proper

10

in the forum where a vision impaired individual was located when he reviewed a website and suffered discrimination under the ADA. See also *Fuqua Homes Inc. v. Beattie*, 388 F.3d 618, 622 (8th Cir. 2004)(in internet case, venue was proper where injured plaintiff resided).

The law in this Circuit is clear that *encountering* a discriminatory website is an injury in-fact for standing purposes. See Argument at Section I. C., *supra*. At least one court recognized that the injury in hotel website discrimination occurs in the comfort of the plaintiff's own home *Gold Sun Hospitality, LLC*, at pp. 30-31, (M.D. Fla. June 18, 2018). Because Plaintiff was in her own home in Florida when she suffered discrimination, the injury occurred here.

*Brooke v. Hotel Inv. Grp., Inc.*, 2017 U.S. Dist Lexis 150717 (D. Ariz. 2017) is directly on point. In that case, the plaintiff was in Arizona when she attempted to book a room on defendant's website for a hotel located in California. Plaintiff then sued in Arizona pursuant to the same Regulation at issue herein. Defendant moved to dismiss based on venue, and/or transfer to the Southern District Of California. The court denied defendant's motion to dismiss, holding that venue was proper in Arizona, stating:

> Plaintiff was in Arizona when she attempted to book a room reservation on defendant's website. The alleged injury, plaintiff's inability to book an ADA-accessible room on defendant's website, took place in Arizona, not in California. Moreover, in cases involving "non-physical torts, courts generally hold that venue under section 1391(a)(2) is proper in the district where the injured party resides...." *Capital Corp. Merchant Banking, Inc. v. Corporate Colocation, Inc.*, Case No. 6:07-cv-1626-Orl-19KRS, 2008 U.S. Dist. LEXIS 68154, 2008 WL 4058014, at *3 (M.D. Fla. 2008). Because the alleged injury took place in Arizona and because plaintiff resides in Arizona, venue is proper in Arizona. Thus, defendant's motion to dismiss for improper venue is denied.

A similar ruling was issued in *Brooke v. Regency Inn-Downey, LLC*, 2017 U.S. Dist. Lexis 150716 (D. Ariz. 2017).

Ample cases have upheld venue in internet based claims where the plaintiff resided in the

11

district and therein suffered injury. In *Capital Corp. Merchant Banking, Inc. v. Corporate Colocation, Inc.*, Case No. 6:07-CV-1626-Orl-19KRS, 2008 U.S. Dist. Lexis 68154 ** 6, 8 (M.D. Fla. 2008), one court upheld the plaintiff's choice of venue in a website injury case because the plaintiff suffered harm in the district. The Court explained:

> "The plaintiff is not required to select the venue with 'the most substantial nexus to the dispute'; rather, it must simply choose a venue where a substantial part of the events giving rise to the claim occurred.

*Id*. at *6.

> The *Capital Corp*. Court also stated:

> "Nevertheless, the Court must conduct the venue analysis with an eye to the difficulties posed by applying section 1391(a)(2) to a case in which the 'wrong' does not center on physical acts or omissions. Moreover, because the harm from an online defamatory statement can occur in any place where the website or forum is viewed, no one forum should be expected to stand out as a particularly strong candidate for venue. Thus, in the context of defamation and other non-physical torts, courts generally hold that venue under section 1391(a)(2) is proper in the district where the injured party resides and the defamatory statements were published."

*Id*. at *8.

*Capital Corp*. was followed in another website case involving a venue challenge. *Weiland v. John Rigby & Co.*, 2010 U.S. Dist Lexis 37472 ** 2-4 (E.D. Mo. 2010). There, the court stated that, because the plaintiff resided in the district and suffered injury therein, venue was proper. *Capital Corp*. was also cited by another court denying a similar venue challenge in *AFC Franchising, LLC v. Practice Velocity, LLC*, 2016 U.S. Dist. Lexis 142439 *7 (N. D. Ala. 2016)("in the age of the internet, it is important to note "the harm from an online defamatory statement can occur in any place where the website or forum is viewed.").

In *Xymogen v. Digitalev,* Case No. 2018 U.S. Dist. Lexis 16147, *7(M.D. Fla. February 1, 2018), a Florida Court upheld venue against an out of state defendant because:

"[b]oth the  websites where the Defendant sold its products and the website on which it purchased the  AdWords advertising are accessible in Florida" and the resulting injury occurred here."

Outside the context of websites, the overwhelming weight of authorities have upheld venue in the district where the injury occurred and where the plaintiff resided. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001)( "[I]n a tort action," in determining where a substantial part of the events giving rise to the claim occurred, "the locus of the injury [is] a relevant factor." ); *Batex v. C & S Adjusters, Inc*., 980 F.2d. 865, 867-68 (2nd Cir. 1992); *TracFone Wireless, Inc. v. Pak  China Grp. Co.*, 843 F.Supp.2d 1284, 1291 (S.D. Fla. 2012)('Venue is proper in this  Court ... because a substantial part of the events or omissions giving rise to the claim  occurred in this District, the impact of Defendants' conduct occurred in this District, and  Defendants are subject to personal jurisdiction in this District.'); T*racFone Wireless, Inc. v. Bequator Corp*,  2011 U.S. Dist Lexis 42314, at *10 (S.D.Fla. Apr. 13,  2011) (upholding venue in non-website case because the impact of defendant's out of state conduct occurred in this district);  *Ares Defense Systems, Inc. v. Karras*, Case No.  15-cv-1107  (M.D. Fla. March 10, 2016 at **  24, 25)(" As the Court has already determined, in this case, Florida is where 'a substantial part of the events or omissions giving rise to the claim occurred, ' because it is where the Melbourne, Florida Plaintiff was injured by the intentional misconduct of the non-resident Defendants").  In *Canadian Steel, Inc. v. HFP Capital Mkts, LLC*, 2012 U.S. Dist Lexis 84441 *18 (S.D. Fla. 2012), the court upheld a resident plaintiff's choice of venue, stating that "the locus of the injury is a relevant factor", citing *Fiore v. Walden*, 657 F.3d 838, 859 (9th Cir. 2011). In one case involving the Fair Credit Reporting Act (which involves an intangible

defamatory statement), a court ruled venue was improper because the Plaintiff resided, and was

injured, someplace else. *Shumake v. Enhanced Recovery Co.*, LLC 2011 U.S. Dist Lexis 61489 *

2-3 ("Several courts have concluded that the proper venue for a claim brought under the Fair

Credit Reporting Act is where the injury is felt."), quoting *Gordon v. DTE Energy*, 680

F.Supp.2d 1282 (W.D. Wash. 2010).

Thus, not only did Defendant purposefully avail itself of this District by advertising and

marketing to residents herein, the injury occurred here and arose out of those contacts. For these

reasons, venue is proper and this case should not be dismissed.[5]

**III.   The Pleadings Are Sufficient**

Initial pleadings in Title III ADA actions are governed by the liberal pleading

requirements of Fed. R. Civ. P. 8(a).  This Rule requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief," in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests,'' *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007). See  also  *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 477 (6th Cir. 2007) ("under

the notice pleading standard of the Federal Rules, courts are reluctant to dismiss colorable claims

which have not had the benefit of factual discovery."); *Thomas v. Unknown EBY*, 481 F.3d 434,

440 (6th Cir. 2007).  In order to state a claim under the ADA, a Plaintiff must allege that she "(1)

has a disability; (2) is a qualified individual; and (3) was unlawfully subject to discrimination

---

[5]Defendant cites *Voyeur Dorm, L.C. v. City of Tampa*, 265 F.3d 1232 (11th Cir. 2001).
However, that case is inapposite because it involved a city's zoning ordinance, which:
> "As a practical matter, zoning restrictions are indelibly anchored in particular geographic
> locations. ...It does not follow, then, that a zoning ordinance designed to restrict facilities
> that offer adult entertainment can be applied to a particular location that does not, at that
> location, offer adult entertainment."
Id. at 1236.

because of [her] disability." *See Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278,1285 (11ᵗʰ Cir. 1997).

Many courts have upheld the sufficiency of virtually identical pleadings and have rejected challenges against their sufficiency. See, e.g., *Kennedy v. Guru Krupa, Inc.*, 0:18-cv-63088-WPD, DE 18 (S.D. Fla. 2/26/19)(denying motion to dismiss in hotel website case); and *Kennedy v. Murnane, et al.*, 0:18-cv-63086-WPD, DE 10 (S.D. Fla. 3/5/19)(denying motion to dismiss in hotel website case); *Kennedy v. Sai Ram Hotels, LLC*, 2019 U.S. Dist. LEXIS 80111 (M.D. Fla. 5/13/19)(denying motion to dismiss in hotel website case). Numerous courts have also considered such allegations as sufficient when they granted default judgment. See *Kennedy v. Pacifica Tampa Ltd Partnership*, 5:17-cv-442-JSM-PRL, DE 7 (M.D. Fla. 1/25/18); *Kennedy v. Astoria Hotel Suites, LLC*, 19-cv-60160, DE 17 (S.D. Fla. 3/22/19); *Kennedy v. Dockside View, LLC*, 2:18-cv-14444-KAM (S.D. Fla. 1/19/19); *Kennedy v. Cape Siesta Motel, LLC*, 18-81811, 0:18-cv-61811-MGC, DE 20 (S.D. Fla. 1/18/2019); *Kennedy v. Shivnit, Inc.*, 0:18-cv-63094-UU, DE 12 (S.D. Fla. 1/30/19); *Kennedy v. Terrace Park Suites, LLC*, 0:19-cv-60012-DPG (S.D. Fla. 3/21/19);  and *Kennedy v. Rushi Hospitality LLC*, 18-cv-62259-WPD, DE 26 (S.D. Fla. 2/6/19).

In *Kennedy v. Sai Ram Hotels, LLC*, 2019 U.S. Dist. Lexis 80111, at ** 5-6  (M.D. Fla. 5/13/19), one Middle District court denied a motion to dismiss on similar grounds, stating:

> Count II alleges Sai Ram's online reservation system violated Section 36.302(e)(1) because it "did not identify [the Rodeway Inn's] accessible rooms in sufficient detail so that [Kennedy] could independently ascertain whether or not they are accessible to her." ... This allegation is sufficient to establish that Kennedy has sustained an injury-in-fact. See *Honeywell v. Harihar Inc.*,[2018 U.S. Dist. LEXIS 203740]  (M.D. Fla. Dec. 3, 2018) (holding plaintiff's allegations that she visited defendant's website but was unable to independently ascertain the accessible features were sufficient to allege an injury in fact); *Kennedy v. Floridian Hotel, Inc.*, [2018 U.S. Dist. LEXIS 207984, at *9] (S.D. Fla. Dec. 7, 2018) ("[T]he Court finds that Plaintiff has shown that she suffered an injury in

fact when she encountered the ADA violations on the Website."); *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, [2018 U.S. Dist. Lexis 87457] (S.D. Fla. May 23, 2018) ("[I]f Defendant's Website is non-compliant with §36.302(e)(1), Plaintiff has suffered an injury-in-fact.").

Under the above authorities, Plaintiff's allegations are sufficiently pled and Plaintiff suffered an injury-in-fact when she reviewed Defendant's discriminatory website.

## IV.    Defendant's Argument Run Afoul Of Marod

Defendant's argument that Plaintiff must have intended to stay at the hotel or book a room is invalid in light of *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013). Under *Marod*, motive is irrelevant. See also *Sai Ram Hotels,* 2019 U.S. Dist. Lexis 80111 at *7 (holding that plaintiff's motive in visiting discriminatory online reservations system is irrelevant).  All that is required is that the disabled person encounter discrimination. In *Marod*, the Eleventh Circuit reversed a lower court's ruling that a disabled person only has a valid cause of action if he or she was a "bona fide customer" of the place of public accommodation. In reversing this holding, the Eleventh Circuit examined the plain language of the Statute itself and found that the statute was devoid of any words that imposed a requirement that the disabled person be a customer and that his or her motive was completely irrelevant.  Similarly, there is nothing in either the Statute or the Regulation that sets forth any requirement that the disabled person intend to book a  room or visit the hotel. To the contrary, the Regulation sets forth various requirements which the Defendant's online reservations system violated. These violations constitute "discrimination" within the definition of Section 42 U.S.C. Section 12182(a) and (b)(2)(A)(ii)[6]. Plaintiff encountered this discrimination when she reviewed Defendant's websites.

_____

[6]The DOJ promulgated 28 C.F.R. 36.302 to carry out the provisions of the ADA. *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, 2018 U.S. Dist. LEXIS 87457 *6

Thus, she suffered injury and there is no additional requirement that she intended to be a

customer or patron of Defendant's hotel.

Plaintiff's claims are based on the following: 42 U.S.C. Section 12182(a) provides:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. Section 12182(b)(2)(A) expands on the definitions of the above subsection to include:

a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations

42 U.S.C. Section 12182(b)(2)(A)(ii).

This latter subsection is the subject of regulations promulgated by the Department Of

Justice ("DOJ"). Specifically, the DOJ promulgated  28 C.F.R. Section 36.302(e)(1)(hereinafter

"Regulation"), which provides, in relevant part:

(1)Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.....

The Statute and Regulation are directly on point and unambiguously spell out all the

elements of a cause of action.  Failure of an online reservations system to comply with the

_____

(S.D. Fla. May 23, 2018).

requirements of the Regulation constitute a failure to comply with 42 U.S.C. Section

12182(b)(2)(A)(ii).  This qualifies as "discrimination" and is thus a violation of 42 U.S.C.

Section 12182(a) and is thus fully actionable without more required.

　　　As stated above, *supra*, a website is a "service" of a place of public accommodation.

*Dunkin Donuts, LLC*, 741 Fed. Appx. at 754.   42 U.S.C. Section 12182(a) clearly spells out a

complete cause of action as follows: "No individual shall be discriminated against on the basis of

disability in the full and equal enjoyment of the ... services ... of any place of public

accommodation..." Because the websites are a "service", all that is required is that a disabled

person be deprived of full and equal enjoyment of this "service".  Once that occurs, all the

elements are satisfied to establish a cause of action.

　　　Conspicuously absent from the Regulation or the Statute is any requirement that the

disabled person must also intend to be a customer or, in this case, book a room and stay at the

hotel as a requirement for a cause of action.  As stated in *Marod*, 733 F.3d at 1334, a court is

"not allowed to add or subtract words from a statute.".  For this reason, Defendant's argument

that this Court should add the requirement that plaintiff intended reserve a room is without merit.

　　　As stated above, encountering a discriminatory hotel online reservations system website

constitutes a complete injury-in-fact.  *Kennedy v. Sai Ram Hotels, LLC*, 2019 U.S. Dist. Lexis

80111, at ** 5-6  (M.D. Fla. 5/13/19); *Honeywell v. Harihar Inc.*,2018 U.S. Dist. LEXIS 203740

(M.D. Fla. Dec. 3, 2018) (holding plaintiff's allegations that she visited defendant's website but

was unable to independently ascertain the accessible features were sufficient to allege an injury in

fact); *Kennedy v. Floridian Hotel, Inc.*, 2018 U.S. Dist. LEXIS 207984, at *9 (S.D. Fla. Dec. 7,

2018) ("[T]he Court finds that Plaintiff has shown that she suffered an injury in fact when she

18

encountered the ADA violations on the Website."); *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, [2018 U.S. Dist. Lexis 87457] (S.D. Fla. May 23, 2018) ("[I]f Defendant's Website is non-compliant with §36.302(e)(1), Plaintiff has suffered an injury-in-fact."). At least one court recognized that the injury in hotel website discrimination occurs in the comfort of the plaintiff's own home.  *See Gold Sun*, at pp.  30-31. Indeed, the encounter with discrimination is the most fundamental element giving rise to a cause of action under the Statute. It is therefore not necessary for Plaintiff to travel, or even intend to travel, to the subject hotel.  Indeed, numerous other cases support the proposition that viewing a discriminatory website constitutes injury. See, e.g. *Carroll v. Fedfinancial Fed. Credit Union*, 324 F. Supp. 3d 658, 664 (E.D. Va. 2018); *Access Now, Inc. v. Otter Prods., LLC*, 280 F. Supp. 3d 287, 294 (D. Mass. 2017); *Jones v. Piedmont Plus Fed. Credit Union*, No. 1:17-CV-5214- RWS, 2018 WL 4694362, at *1 (N.D. Ga. Sept. 26, 2018) ("Plaintiff suffered a concrete injury  when he attempted to access the website but was unable to fully and effectively utilize it."); *Jones v. Family First Credit Union,* No. 1:17-CV-4592-SCJ, 2018 WL 5045231, at *4 (N.D. Ga. Aug. 6, 2018) (explaining that the inability to determine a public accommodation's accessibility information via its website constitutes an injury-in-fact because it is "direct exposure to differential treatment of a person with a disability."); *Brooke v. Hotel Inv. Grp., Inc.*, 2017 U.S. Dist Lexis 150717 (D. Ariz. 2017);  *Brooke v. Regency Inn-Downey, LLC*, 2017 U.S. Dist. Lexis 150716 (D. Ariz. 2017).

## V.      No Nexus Is Required

There is simply no language in the Statute or the Regulation that requires that an aggrieved disabled person who encounters a discriminatory online reservations system must additionally be deprived of access to goods and services located at the subject hotel. (Hereinafter

"physical nexus requirement".)  Moreover, there is no case law supporting such a claim.  The
defendant's reliance on cases involving vision impaired website discrimination is misplaced.

Failure of an online reservations system to comply with the requirements of the
Regulation constitute a failure to comply with 42 U.S.C. Section 12182(b)(2)(A)(ii).  This
qualifies as "discrimination" and is thus a violation of 42 U.S.C. Section 12182(a) and is thus
fully actionable without more required. As stated above, a website is a "service" of a place of
public accommodation. *Dunkin Donuts, LLC*, 741 Fed. Appx. At 754.   42 U.S.C. Section
12182(a) clearly spells out a complete cause of action as follows: "No individual shall be
discriminated against on the basis of disability in the full and equal enjoyment of the ... services
... of any place of public accommodation..." Because the websites are a "service", all that is
required is that a disabled person be deprived of full and equal enjoyment of this "service".  Once
that occurs, all the elements are satisfied to establish a cause of action and there is no additional
requirement. Plaintiff respectfully submits that cases which impose a physical nexus requirement
are inapposite and incorrect.  These cases include, for example, *Haynes v. Dunkin Donuts*, 0:17-
cv-61072-WPD, DE 22 (S.D. Fla. 10/16/17).  First, these cases all involve vision impaired
claims, for which there is no governing regulation.  By contrast, hotel online reservations claims
do involve a regulation.

Second, *Dunkin Donuts* and other similar opinions misinterpret the law. In holding that a
physical nexus requirement exists, *Dunkin Donuts* and other similar opinions relied on the
Eleventh Circuit Court's ruling in *Rendon v. Valleycrest Productions, Ltd.*, 294 F.3d 1279 (11th
Cir 2002). However, *Rendon* involved "eligibility criteria", governed by an entirely different
Subsection of the Statute. Specifically: 42 U.S.C.  Section 12182(b)(2)(A)(I), defines

20

discrimination as:

> "the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities *from* fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations..."

42 U.S.C. Section 12182(b)(2)(A)(i)(emphasis added.). In short, the *Rendon* Subsection contained a physical nexus requirement. This language is conspicuously absent from either the Regulation or the other Subsections that apply to hotel online reservations systems, cited in Section IV of this Brief.[7] Because a commercial website is already a "service" of a place of public accommodation, deprivation of full and equal enjoyment is already fully actionable and nothing additional is required. Decisions which apply the *Rendon* holding to commercial websites misread the Statute and improperly copy language from the *Rendon* Subsection and paste it into other Subsections, where that same language is conspicuously absent. This runs afoul of the rules of statutory construction. Under the rules of statutory construction, a court must begin its analysis with the plain language of the statute and enforce it according to its terms. *Jiminez v. Quarterman*, 555 U.S. 113, 118 (2009). The court's first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. Where the statute conveys a plain and unambiguous meaning, the court looks no further. *Rendon*, 294 F.3d at 1283. Most critically:

> "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally

---

[7]*Dunkin Donuts* was reversed by the Eleventh Circuit in an unpublished opinion at 2018 U.S. App. Lexis 21126 (11ᵗʰ Cir. 2018). In reversing, the Eleventh Circuit held that the allegations adequately set forth a nexus requirement. The Circuit Court therefore never reached the argument as to whether or not a nexus requirement exists for internet discrimination. Accordingly, the Eleventh Circuit has yet to impose a nexus requirement for internet cases.

and purposely in the disparate inclusion or exclusion."

*INS v. Cardoza—Fonseca*, 480 U.S. 421, 432 (1987).  Accordingly, the rules of statutory construction mandate that the physical nexus requirement can exist only with regard to "eligibility criteria", but must be excluded from commercial websites because that language is conspicuously absent. To hold otherwise is to improperly add words to the statute. See *Marod*, 733 F.3d at 1334 (a court is "not allowed to add or subtract words from a statute.").  Accordingly, the injury-in-fact was suffered when Plaintiff encountered the discriminatory website and she was not required to book a room at the hotel or even intend to do so.

## VI.    Plaintiff's References To The Applicable ADA Standards Are Appropriate

Defendant argues that the pleadings should not refer to the ADA standards applicable to physical aspects of a place of public accommodation, claiming that they are irrelevant to hotel website discrimination. This argument is without merit.  Indeed, the Regulation requires that the websites provide sufficient information so that a disabled person can independently ascertain whether the facility is compliant.  28 C.F.R. Section 36.302(e)(1). The applicable ADA standards are relevant in this regard because the DOJ issued guidelines which require that "at a minimum" a website for older hotels must provide information about features which do not comply with the applicable standards. See 28 C.F.R. Appendix A to Part 36. Exhibit C.

## VII.   Defendant Is Liable For Third Party Websites

Defendant argues that it cannot be liable for its discriminatory online reservations systems operated through third parties, such as booking.com, hotels.com, etc. . Contrary to Defendant's lengthy assertions, the Regulation specifically imposes liability on hotels for websites operated "through a third party". 28 C.F.R. Section 36.302(e)(1). The DOJ issued guidelines explaining

that hotels are liable for non-compliance of third party providers unless they provided the information required. Guidelines for 28 C.F.R. Part 36, Nondiscrimination on the Basis of Disability in Public Accommodations and Commercial Facilities, Exhibit D attached hereto, p. 133. The DOJ also explained that it declined to extend direct liability to third parties because they must rely on the information hotels give them. *Id.* p. 134.

The Statute itself is devoid of any language that would give Plaintiff a right of action against the third parties. 42 U.S.C. Section 12182(a) only imposes liability on any person "who owns, leases (or leases to), or operates a place of public accommodation." The third party providers do not fall within any of these categories. Moreover, Defendant is free to add other parties as third party defendants for any breaches on their part. See Fed. R. Civ. P. 14.

**VIII.   No Stay Is Warranted**

Defendant argues that this case should be stayed pending a ruling from the Eleventh Circuit in *Winn-Dixie v. Gil*, 17-13467, as to whether or not the ADA applies to websites. Defendant overlooks the fact that the Eleventh Circuit has already so ruled. In *Dunkin Donuts*, the Court held that plaintiff had stated a plausible claim under the ADA. 741 Fed. Appx. at 753-54.  "It appears that the website is a service that facilitates the use of Dunkin' Donuts' shops, which are places of public accommodation. And the ADA is clear that whatever goods and services Dunkin' Donuts offers as a part of its place of public accommodation, it cannot discriminate against people on the basis of a disability, even if those goods and services are intangible." *Id*. Thus, the Eleventh Circuit has ruled that the ADA applies. Additionally, the Eleventh Circuit applied ADA liability to commercial websites in  *Haynes v. Hooters of Am., LLC*, 893 F.3d 781 (11th Cir. 2018);  *Haynes v. Panda Express, Inc.*, No. 18-10614, and  *Haynes*

*v. Brinker International, Inc.*, No. 17-14489. If it had doubted whether the ADA applied, the

Eleventh Circuit would have been required to dismiss all such cases *sua sponte* for lack of

jurisdiction. See *United States v. Hays*, 115 S.Ct. 2431, 2435 (1995)(court must consider

jurisdictional issues *sua sponte* even if the lower court did not address the issue).

      Even if the Eleventh Circuit overturns its prior decisions in *Dunkin Donuts*, *Hooters*,

*Brinker* and *Panda*, such a ruling would not impact the ADA's applicability to hotel online

reservations systems because such is governed by a duly promulgated regulation.

      This Regulation was promulgated pursuant to 42 U.S.C. Section 12182(b)(2)(A)(ii). See

28 C.F.R. 36.302(a).  Congress expressly granted the DOJ this authority by virtue of 42 U.S.C.

Section 12186(b),  requiring the Attorney General to issue regulations "applicable to facilities...

covered under section 12182 of this title".  In short, the DOJ's promulgated regulation is to be

accorded "controlling weight". *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 843-44

(1984).  See also *Malivuk v. Ameripark, LLC*, 694 Fed. Appx. 705 (11th Cir. 2017); *MSP*

*Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1360 (11th Cir. 2016); *Gold Sun*, at 29-

30(referring to hotel online reservations systems).

      The framework for analyses under the *Winn-Dixie* appeal and the instant matter are

significantly different.  In the *Winn-Dixie* matter, there is no regulation governing website

compliance for vision impaired disabled persons. Therefore, the judicial analysis becomes one of

statutory construction. By contrast, because a regulation is applicable in the instant action, the

Court must accord the regulation "deference"  in accordance with the standards cited above. See

*People For The Ethical Treatment Of Animals, Inc. v. Miami Seaquarium*, 879 F.3d 1142, 1147

(11th Cir. 2018).  Thus, the standard of judicial review is far more lenient in *Winn-Dixie* than it is

here and any adverse decision rendered in *Winn-Dixie* would have no impact here.  As a result, it is the "controlling weight" of the law that the ADA applies to hotel online reservations systems because the DOJ promulgated the Regulation.

On prior occasions, Judge Moreno reversed prior stay orders based on these arguments. See, e.g. *Kennedy v. Club Exploria, LLC*, 18-cv-63091, DE 13 (S.D. Fla. 4/1/19) and *Kennedy v. Coates I, Inc.*, 18-62381, DE 20 (S.D. Fla. 5/1/19).

For these reasons, no stay is warranted.

**IX.**     **Conclusion**

For the foregoing reasons, Defendant's motion must be denied.


Respectfully submitted,

By: /s/ Thomas B. Bacon
Thomas B. Bacon
Thomas B. Bacon, P.A.
644 N. McDonald Street
Mt. Dora, FL 32757
954-478-7811
tbb@thomasbaconlaw.com
FBN: 139262


**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system this 21st day of May, 2019.

By: /s/ Thomas B. Bacon